The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
604 South State Street
Clarks Summit, PA 18411
Phone: (570) 319-6642

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QIN LIANG CHEN | : | **ELECTRONICALLY FILED** |
| | : | |
| | : | |
| | : | CIVIL ACTON LAW |
| Plaintiff | : | Jury Trial Demanded |
| | : | |
| vs. | : | NO.: |
| | : | |
| ONE COCO NAILS & SPA INC. | : | |
| | : | |
| Defendant | : | |

## **COMPLAINT**

AND NOW, comes, the Plaintiff, Qin Liang Chen, by and through his attorneys, The Hanchulak Law Offices, P.C. and files the following Complaint:

1.      Plaintiff, Qin Liang Chen, brings this action to seek redress for violations of the Fair Labor Standards Act and for wrongful discharge under Pennsylvania law.

### PARTIES

2.   Plaintiff, Qin Liang Chen is an adult and competent individual residing at 327 Melrose Avenue, Clarks Summit, Pa. 18411.

3.   The Defendant, One Coco Nails & Spa, Inc., is a Pennsylvania employer, with

offices located at 100 Old Lackawanna Trail, Ste. 9, Clarks Summit, PA 18411.

<u>JURISDICTION AND VENUE</u>

4.      Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims occurred in the Middle District and the Defendant can be served in the Middle District.

<u>FACTS</u>

7.      Plaintiff began his employment with the Defendant in 2016 as a manager of the Clarks Summit Spa at 100 Old Lackawanna Trail, Ste. 9, Clarks Summit, PA. Plaintiff left the defendants employment in 2017. Plaintiff returned to employment with Defendant in April of 2019 through December 28, 2019.

8.      From April of 2019 through December 28, 2019 Plaintiff performed various duties for the Defendant, including transporting Defendant's employees from 322 Sheridan Avenue, Clarks Summit, PA to work and back, running errands, purchasing supplies and preforming bookkeeping duties.

9.      In the period of April of 2019 through December 28, 2019 Defendant paid Plaintiff $10.00 per hour, plus expenses.

10.     At all times relevant hereto Defendant housed many of its employees at 322 Sheridan Avenue, Clarks Summit, PA. The Plaintiff did not reside at that location.

11.     Prior to December 28, 2019 and thereafter, Plaintiff aided his coworker Chun

Ying Lin, with issues she had with the employer, including violations of the Fair Labor Standards Act, illegal retention of her property, and plaintiff aided her in reporting a claim that the Defendant was involved in human trafficking.

12.     Particularly, Chun Ying Lin and Plaintiff reasonably believed the Defendant used force, fraud and coercion to obtain its labor force and that Defendant paid its labor force in violation of the Fair Labor Standards Act (FLSA).

13.     Plaintiff advised Chun Ying Lin that the Defendants policies were in violation of the FLSA and aided Chun Ying Lin in pursuing relief.

14.     The Defendant was aware of Plaintiff aiding of Chun Ying Lin with regard to the FLSA, this is known to Plaintiff because Defendant's representatives confirmed the same to Plaintiff.

15.     On December 28, 2019, Plaintiff made a 911 call to report that the Defendant was illegally retaining the property of Chun Ying Lin and to report a reasonable suspicion of human trafficking.

16.     The Defendant was at all times aware of Plaintiff's support of Chun Ying Lin and of Plaintiff's role in reporting alleged human trafficking. The Plaintiff knows Defendant was aware of Plaintiff role as aforesaid, because the Defendant's representatives told Plaintiff they were aware of the same.

17.      The Plaintiff's employment was terminated by Defendant on December 28, 2019.

18.     The Plaintiff's employment was terminated because Plaintiff reported Defendant to the authorities for alleged human trafficking.

19.     The Plaintiff's employment was terminated in retaliation for Plaintiff aiding Chun Ying Lin in the pursuit of her rights under the FLSA.

20.     The employers stated reasons for the termination of Plaintiff's employment were Plaintiffs aid to Chun Ying Lin and Plaintiffs 911 call.

21.     On August 24, 2020, Chun Ying Lin filed a complaint in the Middle District of Pennsylvania to 3:20-CV-1509-JPW.

22.     On August 24, 2020, the aforesaid complaint was forwarded to Defendant for service in accordance with FRCP 4.

23.     After receiving the aforesaid complaint, the Defendant's representatives threatened Plaintiff telling him they knew he was assisting Chun Ying Lin, stating words to the effect that Lin would not be able to take any action against Defendants without Plaintiff's help, since she spoke no English. Defendant's representatives further admonished Plaintiff that it would not be safe for him to return to the Chinatown neighborhood of Manhattan in New York City, if he continued to help Chun Ying Lin, a thinly veiled threat that Plaintiff's continued aid of Lin would be met with physical violence.

## Count I
## Fair Labor Standards Act Retaliation

24.     Plaintiff incorporates herein by reference paragraphs 1 through 23 above as if the same were set forth fully herein and at length.

25.     At all relevant times, Defendant has been and continues to be an employer within the meaning of the FLSA.

26.     In providing aid to Chun Ying Lin, particularly in counseling her that she was being underpaid under FLSA and actively helping her vindicate her rights under FLSA in directing her to counsel, translating on her behalf in the process of obtaining legal help and offering supporting testimony on her behalf, Plaintiff was involved in protected activity under the FLSA.

4

27.    Plaintiff at all relevant times believed he was participating in protected activity under the FLSA.

28.    The Defendant at all relevant times believed Plaintiff was participating in protected activity under the FLSA.

29.    The actions of Plaintiff in aiding Chun Ying Lin were necessary to the effective assertion of Lin's right under the FLSA.

30.    The employers stated reason for the termination of Plaintiff's employment on December 28, 2019, was retaliation for Plaintiff's aid of Chun Ying Lin in vindicating her rights under the FLSA.

31.    The Defendant's actions as described herein violated the anti-retaliation provisions of the FLSA found at section 15(a)(3).

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered in his favor as follows:

a.    The Defendant be permanently enjoined from permitting FLSA retaliation against the Plaintiff and others;

b.    The Defendant be prohibited from continuing to maintain its illegal policy, practice, or custom of FLSA retaliation and be ordered to promulgate an effective policy against such illegal practices;

c.    The Defendant is to be permanently enjoined from retaliating against those who exercise their rights under Federal law and/or those who come forward as witnesses;

d.     The Defendant is to be prohibited from continuing to maintain it illegal policy, practice, or custom of retaliating against employees for engaging in protected activity under Federal law and be ordered to promulgate an effective policy against such illegal practices;

e.     Defendant is to compensate Plaintiff, and reimburse Plaintiff, and make him whole for any and all pay and benefits he would have received had it not been for Defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority;

f.     Plaintiff is to be awarded actual damages caused to him by Defendant's actions;

g.     Plaintiff is to be awarded liquidated damages as permitted by the FLSA to vindicate his rights;

h.     Plaintiff is to be awarded emotional distress damages related to Defendants illegal retaliation;

i.     Plaintiff is to be awarded punitive damages as may be appropriate related to Defendants illegal retaliation;

j.     Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

k.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law;

l.     Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage in further, or ceases engaging in, illegal retaliation against Plaintiff or witnesses to this action.

## Count II
## Wrongful Termination

32.     Plaintiff incorporates herein by reference paragraphs 1 through 31 above as if the

6

same were set forth fully herein and at length.

33.    The Defendant is a Pennsylvania employer.

34.    Plaintiff's termination was in retaliation for the Plaintiffs exercise of his legal rights to report a crime and to aid his coworker in vindicating her rights under the FLSA.

35.    The reporting of serious crimes, such as human trafficking, constitutes a clear mandate of public policy.

36.    Retaliation against an employee for reporting serious crimes, such as human trafficking, is obviously against the public health, safety, morals and welfare, such that society holds a virtually unanimous view of its importance.

37.    Although the Plaintiff was an at-will employee, the employer's privilege under the at-will employment doctrine to dismiss an employee for any reason or for no reason at all, is not absolute.

38.    When an employee is discharged in a retaliatory manner for exercising his rights under the law and that law constitutes a clear mandate of public policy, an exception to the at-will doctrine is created and the employee may sue for wrongful discharge.

39.    The Defendant's conduct in terminating Plaintiff in retaliation for reporting serious crimes, such as human trafficking was purposeful, willful, self-interested, wanton and outrageous.

40.    It is necessary that the Plaintiff in this matter seek punitive damages to protect himself and others from termination for exercising their rights and doing their civic duty in reporting serious crimes, such as human trafficking.

WHEREFORE, the plaintiff demands judgment in his favor for past-lost wages, future-lost wages, loss of benefits, compensatory damages allowable at law, attorney's fees, cost,

expenses, pre and post-judgment interest, delay damages and punitive damages.

Respectfully submitted,
The Hanchulak Law Offices, P.C.


By: _____
Gerald J. Hanchulak, Esq.
Attorney ID #56320
604 South State Street
Clarks Summit, PA 18411
570-319-6642